COPY

1  Nathaniel Clark (CA State Bar No. 276621)
2  Nathaniel.h.clark@gmail.com
3  California Consumer Law Office, APC
   5318 E. 2nd St., # 246
4  Long Beach, CA 90803
5  (626) 673-5180 Telephone
   (626) 737-6065 Facsimile
6  *Attorney Pro Per*
7

FILED
2013 MAY -9 PM 12: 36
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

8              UNITED STATES DISTRICT COURT
9
10            CENTRAL DISTRICT OF CALIFORNIA
11

12  NATHANIEL CLARK,                CASE NO. CV13-03309-SH
13
14              Plaintiff,          COMPLAINT FOR VIOLATIONS
15       vs.                        OF THE TELEPHONE
                                    CONSUMER PROTECTION ACT,
16  ACURIAN, INC. (formerly         47 U.S.C. § 227, *ET SEQ.*; CA PUB.
17  INTERTRIALS.COM, INC.),         UTIL. C. §§ 2872(b), 2874, 2875,
    LANCE D CONVERSE, and,          2876.
18  DOES 1-10,
19                                  JURY TRIAL DEMANDED
              Defendants.
20
21
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

1

Plaintiff alleges that:

# I

# INTRODUCTION

1. This is an action for damages brought by Nathaniel Clark, an individual consumer, for Defendants' knowing and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), California Public Utilities Code ("CPUC") sections 2872(b), 2874, 2875 and 2876, all of which prohibit the use of an automatic dialer to place a telephone call to a cellular telephone of a consumer.

# II

# PARTIES

2. Plaintiff Nathaniel Clark ("Plaintiff") is a natural person residing in Los Angeles County in the State of California and is a "person" under the meaning of the TCPA and CPUC.

3. At all relevant times, Defendant ACURIAN, INC. (formerly INTERTRIALS, INC.) ("ACURIAN"), was and is a corporation registered in the State of Pennsylvania and Delaware, with a business address of 2 Walnut Grove Drive, Suite 375, Horsham PA 19044. ACURIAN is engaged in the practice of soliciting consumers with an automatic dialer for the business purpose of seeking participants in medical studies.

4. The identity of the DOE defendants are unknown to Plaintiff because Plaintiff received a phone call from a number he did not recognize from a company he did not recognize and has no basis to know the structure of Defendants' company or who authorized the unsolicited phone call to Plaintiff's cellular telephone.

# III

## JURISDICTION

5.   Jurisdiction in this Court is proper because the TCPA is a federal law and CPUC is a California Law that was violated in the same transaction and occurrence as the violations of TCPA because both statutes were simultaneously violated by the unsolicited phone calls to Plaintiff's cellular telephone.   28. U.S.C. §§ 1331, 1367. Jurisdiction is further proper because Plaintiff resides in this judicial district and was in said district at the time of the violations.

# IV

## FACTUAL ALLEGATIONS

6.   On or about May 24, 2013, Defendants caused an "autodialer" within the meaning of the TCPA and CPUC to initiate phone calls to Plaintiff's cellular telephone at the following times:

    A.   12:07 PM (missed);

    B.   12:07 PM (missed);

    C.   12:08 PM (3 seconds);

    D.   12:08 PM (18 seconds).

7.    When Plaintiff answered his cellular telephone on the third call, an automated voice recording solicited Plaintiff for participation in a medical test trial and offered to compensate Plaintiff for said participation.

8.    Even after Plaintiff answered the third call and hung up the phone, his phone immediately rang again a fourth time.

9.    The number for the four calls described in paragraph 6 was 417-800-2511.

10.    At 12:10 PM Plaintiff called the number back and learned through the automatic reception message that the company was called ACURIAN.

11.    Subsequently, Plaintiff was transferred to a live operator who confirmed the identity of ACURIAN including the address of 2 Walnut Grove Drive, Suite 375, Horsham, Pennsylvania, 19044.

12.    The live operated stated that her name was "Molly."

13.    Plaintiff has previously placed his name of the No-Call list.

14.    Plaintiff has never heard of ACURIAN before April 24, 2013.

15. Defendants conduct violated the TCPA and CPUC in several ways, including but not limited to:

A. By "operating an automatic dialing-announcing device" that was not in accordance with CPUC. (CA PUB. UTIL. C. §§ 2872(b));

B. By operating the automatic dialing device and thereby contacting Plaintiff with an automated recording that was not prefaced with "an unrecorded, natural voice announcement [that] has been made to the person called by the person calling" and additionally "[i]nquires as to whether the person called consents to hear the prerecorded message of the person calling." (CA PUB. UTIL. C. §§ 2874.);

C. By failing to "disconnect the automatic dialing-announcing device from the telephone line upon the termination of the call by either the person calling or the person called." (Ibid.);

D. On information and belief, by failing to first make a written application to the telephone corporation within whose service area telephone calls through the use of such device are proposed to be placed. (CA PUB. UTIL. C. §§ 2875.);

1          E.    By initiating the phone calls to Plaintiff's cellular

2
3
phone without Plaintiff's express consent and without a prior business

4  relationship . (47 U.S.C. § 227(b)(1)(A)(iii).)

5
6          F.    By initiating a phone call to Plaintiff using an

7  artificial or prerecorded voice to deliver a message without the express

8
9
consent of Plaintiff. (47 U.S.C. § 227(b)(1)(B).)

10     16.   Plaintiff is entitled to damages for each and every violation

11
12
occurring on each and phone call described above in the amount of

13  $500 or $1,500.00 if the violations were knowing or willful. (47 U.S.C.

14  § 227(3).)

15

16     17.   Defendants are liable to Plaintiff for actual damages based

17  on the foregoing.

18

19               **COUNT I: VIOLATION OF THE TELEPHONE**

20                   **CONSUMER PROTECTION ACT**

21     18.   Defendants knowingly and willfully violated section 47

22  U.S.C. § 227(b)(1)(A)(iii) on April 24, 2013 at 12:07 PM.

23

24               **COUNT II: VIOLATION OF THE TELEPHONE**

25                   **CONSUMER PROTECTION ACT**

26     19.   Defendants knowingly and willfully violated section 47

27  U.S.C. § 227(b)(1) (b)(1)(B) on April 24, 2013 at 12:07 PM.

28

## COUNT III: VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT

20.   Defendants knowingly and willfully violated section 47 U.S.C. § 227(b)(1)(A)(iii) on April 24, 2013 at 12:07 PM.

## COUNT IV: VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT

21.   Defendants knowingly and willfully violated section 47 U.S.C. § 227(b)(1) (b)(1)(B) on April 24, 2013 at 12:07 PM.

## COUNT V: VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT

22.   Defendants knowingly and willfully violated section 47 U.S.C. § 227(b)(1)(A)(iii) on April 24, 2013 at 12:08 PM.

## COUNT VI: VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT

23.   Defendants knowingly and willfully violated section 47 U.S.C. § 227(b)(1) (b)(1)(B) on April 24, 2013 at 12:08 PM.

## COUNT VII: VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT

24.   Defendants knowingly and willfully violated section 47 U.S.C. § 227(b)(1)(A)(iii) on April 24, 2013 at 12:08 PM.

///

///

## COUNT VIII: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

25.    Defendants knowingly and willfully violated section 47 U.S.C. § 227(b)(1) (b)(1)(B) on April 24, 2013 at 12:08 PM

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for:

A.    Actual damages according to proof;

B.    Statutory damages for per se violations;

C.    Statutory damages for knowing or willful violations;

D.    Costs;

E.    For such further relief as may be just and proper.

May 8, 2013          By  _____
                                Nathaniel Clark, Esq.
                                CALIFORNIA CONSUMER LAW OFFICE, APC